Matter of Daniel C. (South Beach Psychiatric Ctr.) (2022 NY Slip Op 04545)

Matter of Daniel C. (South Beach Psychiatric Ctr.)

2022 NY Slip Op 04545

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-08721
 (Index No. 3128/20)

[*1]In the Matter of Daniel C. (Anonymous), appellant.
and
South Beach Psychiatric Center, respondent.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville and Felicia B. Rosen of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Eric Del Pozo, and Blair Greenwald of counsel), for respondent.
In a proceeding pursuant to Mental Hygiene Law § 9.33 to retain a patient in a hospital for involuntary psychiatric care for a period not to exceed one year, the patient appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated October 19, 2020. The order, after a hearing, authorized the petitioner to retain the patient for further care and treatment for a period not to exceed one year.

DECISION & ORDER
By order to show cause dated October 21, 2021, the parties to the appeal were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order dated October 19, 2020, on the ground that the appeal has been rendered academic as that order has expired by its own terms. By decision and order on motion of this Court dated January 7, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
Pursuant to Mental Hygiene Law § 9.33, the Supreme Court may authorize the retention of a patient in a hospital for involuntary psychiatric care upon proof by clear and convincing evidence that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to himself or others (see Matter of Marie H., 25 AD3d 704). Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). Here, the order authorizing the patient's retention has expired by its terms, thus rendering the appeal academic (see [*2]Matter of Mark T. [Stabinsky], 188 AD3d 1221, 1222; Matter of G., Cynthia [Kings County Hosp.], 188 AD3d 881, 882; Matter of Anonymous [South Beach Psychiatric Ctr.], 114 AD3d 675, 676). Contrary to the appellant's contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; Matter of Torres v Senft, 205 AD3d 1031).
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court